UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| OHOHSHECHA DEFOE,<br><br>        Petitioner,<br>v.<br><br>JOAN FABIAN,<br><br>        Respondent. | Civil No. 10-4939 (ADM/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In February 2009, Petitioner was convicted in the state district court for Washington County, Minnesota, for failing to register as a predatory offender, in violation of Minnesota law. Petitioner was convicted pursuant to a plea agreement, which provided that he would receive a 36-month prison sentence. However, the agreement further provided that Petitioner's sentence would be stayed, and he would be placed on probation.

In May 2009, Petitioner was found guilty of violating the terms of his probation, and he was sent to prison. In August 2009, he was released from prison. Sometime later,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

however, Petitioner was again found guilty of violating the terms of his probation. The trial court then ordered that Petitioner's original sentence be executed, and he was again returned to prison. Petitioner is currently confined at the Minnesota Correctional Facility in Stillwater, Minnesota.

After Petitioner was returned to prison, (for the second time), he filed an appeal in the Minnesota Court of Appeals. In that appeal, Petitioner argued that the trial court had failed to comply with applicable state law. He specifically contended that the trial court "<u>failed to articulate the reason</u> why executing his sentence outweighs the policies favoring probation," as required by the Minnesota Supreme Court's decision in <u>State v. Modtland</u>, 695 N.W.2d 602, 605 (Minn. 2005). <u>State v. Defoe</u>, No. A10-143 (Minn.App. 2010), 2010 WL 3307071 *1-2 (unpublished opinion), (emphasis added), <u>rev</u>. <u>denied</u>, Oct. 19, 2010. Petitioner also argued that the trial court "<u>abused its discretion</u> by finding that the need for executing his sentence outweighs the policies favoring probation." <u>Id</u>. at *2 (emphasis added).

The Minnesota Court of Appeals rejected Petitioner's arguments, and affirmed the trial court's order that his sentence be executed. Petitioner subsequently sought further review in the Minnesota Supreme Court. The application for further review raised the same arguments that were presented to the Minnesota Court of Appeals.[2] The Minnesota Supreme Court denied the petition for review on October 19, 2010. <u>Id</u>.

Petitioner's current federal habeas corpus petition was filed on December 20, 2010. This petition sets forth a single claim for relief, which presents the same arguments that

---

[2] A copy of the "Petition For Review Of Decision Of Court Of Appeals," is included in the current record as an attachment to Petitioner's habeas corpus petition.

2

Petitioner raised in his direct state court appeal. The current habeas corpus claim, repeated verbatim and in its entirety, is as follows:

> "Executing my sentence does not outweigh the policies favoring probation. Trial Court did not articulate <u>why</u> executing my sentence of 36 months outweighed the policies favoring probation and a review of the record establishes that such a finding cannot reasonably be made."

(Petition, [Docket No. 1], p. (5), § 12.A; [emphasis in the original].)

For the reasons discussed below, the Court finds that Petitioner's current claim for relief cannot be entertained in a federal habeas corpus proceeding.

## II. DISCUSSION

A federal district court can entertain a habeas corpus petition filed by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, federal habeas corpus review is available only for alleged violations of <u>federally</u> protected rights. See <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983) (<u>per curiam</u>) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").

The present petition is not based on the federal Constitution or any federal law. Petitioner contends that the trial court misapplied Minnesota's <u>state</u> sentencing laws, by ordering that his sentence be executed without making adequate findings. He claims that the trial court did not follow, and did not properly apply, Minnesota <u>state law</u>, because (a) the trial court failed to explain why the need to execute the sentence outweighed the policies favoring probation, and (b) the trial court's ruling was not supported by the record. <u>The federal Constitution is never mentioned, or even alluded to, anywhere in the present petition, and nothing in the petition suggests that any federal constitutional principles might</u>

3

be implicated here. The arguments presented in the current petition involve only the interpretation and application of Minnesota state law.

The United States Supreme Court has repeatedly held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991). Because Petitioner's current habeas corpus petition does not present any claim based on the federal Constitution, the petition must be summarily rejected.

Furthermore, even if Petitioner intended to raise some constitutional claim in his current petition, (even though he plainly failed to do so), no such claim could be entertained here, because he has not exhausted his state court remedies for any such constitutional claim. It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

As explained by the U.S. Supreme Court in Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam):

> "It has been settled for nearly a century [now well over a century] that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts.... [Citations omitted.] The exhaustion requirement, now codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), [footnote omitted] serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights...." (Citations omitted.)

To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present all of his federal constitutional claims to the highest available state court before seeking relief in federal court. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"); O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

In this case, Petitioner did not present any federal constitutional claim to the Minnesota Supreme Court in his direct appeal. Therefore, even if Petitioner's current habeas corpus claim were somehow based on the United States Constitution, (or even if Petitioner attempted to amend his petition to state a constitutional claim), the claim still could not be entertained here, because Petitioner has not exhausted his state court remedies for any constitutional claim.

## III. CONCLUSION

Because Petitioner has not identified any federal constitutional basis for his current claim for relief, his claim is not reviewable in a federal habeas corpus action. Furthermore, even if, hypothetically, Petitioner could identify some previously undisclosed constitutional dimension to his current claim for relief, his present petition still could not be entertained, because he has not exhausted his state court remedies for any such constitutional claim. The Court will therefore recommend that this action be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.[3]

Having determined that this action must be summarily dismissed for the reasons discussed above, the Court will recommend that Petitioner's application for leave to proceed in forma pauperis, (IFP), (Docket No. 2), and motion for appointment of counsel, (Docket No. 3), be summarily denied. See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained); Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

---

[3] If Petitioner had presented a federal constitutional claim here, and if this case were being dismissed because of Petitioner's failure to exhaust his state court remedies for that claim, the Court would then recommend that this case be dismissed without prejudice. However, the Court is recommending dismissal not because Petitioner has failed to exhaust his state court remedies, but because he has failed to present any federal constitutional claim that can be entertained in federal court. Based on the Court's determination that Petitioner has not actually presented an actionable federal habeas claim, it is recommended that this case be dismissed with prejudice.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's application for a Writ of Habeas Corpus, (Docket No. 1), be **SUMMARILY DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

3. Petitioner's motion for appointment of counsel, (Docket No. 3), be **DENIED**; and

4. This action be **DISMISSED WITH PREJUDICE**.


Dated: January 13, 2011

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before January 27, 2011.